IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

MELISSA CLAYTON, et al.,

        Plaintiffs,

v.                                    CIVIL ACTION NO.  2:12-cv-00489

ETHICON, INC., et al.,

        Defendants.

MEMORANDUM OPINION AND ORDER
(Defendants' Motion for Summary Judgment)

Pending before the court is the Motion for Summary Judgment [ECF No. 73] filed by defendants Ethicon, Inc. and Johnson & Johnson (collectively, "Ethicon"). As set forth below, Ethicon's Motion is **GRANTED in part** and **DENIED in part**.

I. Background

This action involves Louisiana co-plaintiffs, one of whom was implanted with Prolift +M ("Prolift"), a mesh product manufactured by Ethicon. Am. Short Form Compl. [ECF No. 25] ¶¶ 1–9. The case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 60,000 cases currently pending, nearly 28,000 of which are in the Ethicon MDL, MDL 2327.

In an effort to efficiently and effectively manage this massive MDL, the court decided to conduct pretrial discovery and motions practice on an individualized basis so that once a case is trial-ready (that is, after the court has ruled on all summary judgment motions, among other things), it can then be promptly transferred or remanded to the appropriate district for trial. To this end, the court ordered the plaintiffs and defendants to submit a joint list of 200 of the oldest cases in the Ethicon MDL that name only Ethicon, Inc., Ethicon, LLC, and/or Johnson & Johnson. These cases became part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 193, *In re Ethicon, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:12-md-002327, Aug. 19, 2015, *available at http://www.wvsd.uscourts.gov/MDL/ethicon/orders.html*. The plaintiffs' case was selected as an "Ethicon Wave 1 case."

## II. Legal Standards

### A. Summary Judgment

To obtain summary judgment, the moving party must show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In considering a motion for summary judgment, the court will not "weigh the evidence and determine the truth of the matter." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Instead, the court will draw any permissible inference from the underlying facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587–88 (1986).

Although the court will view all underlying facts and inferences in the light most favorable to the nonmoving party, the nonmoving party nonetheless must offer some "concrete evidence from which a reasonable juror could return a verdict" in his or her favor. *Anderson*, 477 U.S. at 256. Summary judgment is appropriate when the nonmoving party has the burden of proof on an essential element of his or her case and does not make, after adequate time for discovery, a showing sufficient to establish that element. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). The nonmoving party must satisfy this burden of proof by offering more than a mere "scintilla of evidence" in support of his or her position. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or unsupported speculation, without more, are insufficient to preclude the granting of a summary judgment motion. *See Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013); *Stone v. Liberty Mut. Ins. Co.*, 105 F.3d 188, 191 (4th Cir. 1997).

### B. Choice of Law

The parties agree, as does this court, that Louisiana law applies to the plaintiffs' claims. To determine the applicable state law for a dispositive motion, I generally refer to the choice-of-law rules of the jurisdiction where the plaintiffs first filed their claim. *See In re Air Disaster at Ramstein Air Base, Ger.*, 81 F.3d 570, 576 (5th Cir. 1996). The plaintiffs originally filed this action in Louisiana. Thus, the choice-of-law principles of Louisiana guide this court's choice-of-law analysis.

Under Louisiana law, a tort claim "is governed by the law of the state whose policies would be most seriously impaired if its laws were not applied" to the claim. La. Civ. Code Ann. art. 3542 (listing factors such as place of injury, residence of parties, and the state in which the relationship between parties was centered to determine the appropriate state law). The plaintiffs are residents of Louisiana, Ms. Clayton was implanted with the product at issue in Louisiana, and her alleged injuries and follow-up care occurred in Louisiana. Accordingly, I will apply Louisiana's substantive law to this case.

### III. Analysis

Ethicon argues it is entitled to summary judgment because the plaintiffs' claims are without evidentiary or legal support.

#### A. Conceded Claims

The plaintiffs concede the following claims: Count I (negligence), Count IV (strict liability – defective product), Count VI (common law fraud), Count VII (fraudulent concealment), Count VIII (constructive fraud), Count IX (negligent misrepresentation), Count X (negligent infliction of emotional distress), Count XII (breach of implied warranty), and Count XIII (violation of consumer protection laws). Accordingly, Ethicon's Motion regarding those claims is **GRANTED**.

#### B. Strict Liability – Manufacturing Defect

The plaintiffs point to no evidence that the Prolift device departed from its intended design at the time it left Ethicon's control. Accordingly, Ethicon's Motion on

4

this point is **GRANTED**.

### C. All Remaining Claims

The court **FINDS** that genuine disputes of material fact exist regarding the plaintiffs' remaining claims challenged by Ethicon. Accordingly, Ethicon's Motion as to all remaining claims is **DENIED**.

## IV. Conclusion

For the reasons discussed above, it is **ORDERED** that Ethicon's Motion for Summary Judgment [ECF No. 73] is **GRANTED in part** and **DENIED in part**. Ethicon's Motion is **GRANTED** with regard to the following claims: Count I (negligence), Count II (strict liability – manufacturing defect), Count IV (strict liability – defective product), Count VI (common law fraud), Count VII (fraudulent concealment), Count VIII (constructive fraud), Count IX (negligent misrepresentation), Count X (negligent infliction of emotional distress), Count XII (breach of implied warranty), and Count XIII (violation of consumer protection laws). Ethicon's Motion is **DENIED** in all other respects.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 9, 2017

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE