UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELISSA CLAYTON, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-10168** |
| **ETHICON INC., ET AL.** | **SECTION "L" (3)** |

ORDER AND REASONS

Before the Court is a motion for partial summary judgment filed by Defendants Ethicon, Inc. and Johnson & Johnson. R. Doc. 148. No opposition was filed. For the reasons that follow, the unopposed motion is GRANTED.

## I. BACKGROUND

This is one of several cases brought against Defendants Ethicon, Inc. and Johnson & Johnson, alleging their pelvic mesh products are defective and unreasonably dangerous. In April 2010, Plaintiff Melissa Clayton, a Louisiana resident, was implanted with Ethicon's Prolift medical device at a Louisiana hospital. She and her spouse, Charles Clayton, assert causes of action under the Louisiana Products Liability Act. This case was consolidated into a multidistrict litigation in the United States District Court for the Southern District of West Virginia, and was remanded to this Court in May 2017.

Defendants now move for partial summary judgment dismissing Plaintiffs' claim for punitive damages. No opposition was filed.

## II. LAW AND ANALYSIS

Summary judgment is appropriate if Defendants can show that there is no genuine issue of material fact and that they are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). In deciding whether they have done so, the Court views facts and draws inferences in the light most

1

favorable to Plaintiffs. *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018). A genuine issue of material fact exists if a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1996). "[U]nsubstantiated assertions," "conclusory allegations," and merely colorable factual bases are insufficient to defeat a motion for summary judgment – the nonmoving party must show more than "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

*i.*

A federal court sitting in diversity must apply the choice-of-law rules of the forum state. *Allison v. ITE Imperial Corp.*, 928 F.2d 137, 138 (5th Cir. 1991). Because this case was originally filed in Louisiana, Louisiana's choice-of-law rules apply. *Id.*; *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). The Louisiana Civil Code instructs that "liability for injury caused by a product, as well as damages, whether compensatory, special or punitive, are governed by the law of this state … when the injury was sustained in this state by a person domiciled or residing in this state." La. Civ. Code art. 3545; *Shively v. Ethicon, Inc.*, 2018 WL 6816083, at *4 (W.D. La. Dec. 27, 2018).

Because Plaintiffs are Louisiana residents; Ms. Clayton's implantation surgery occurred in a Louisiana hospital; and Ms. Clayton's alleged injuries, follow-up care, and revision surgeries occurred in Louisiana, Louisiana law applies to Plaintiffs' claim for punitive damages. R. Doc. 148-5; *Shively*, 2018 WL 6816083.

*ii.*

Under Louisiana law, punitive damages are not allowable unless expressly authorized by statute. *Int'l Harvester Credit Corp. v. I.T. Seale*, 518 So.2d 1039, 1041 (La. 1988). Plaintiffs'

claims in this case are governed by the Louisiana Products Liability Act ("LPLA"), which provides "the exclusive theories of liability for manufacturers for damage caused by their products." La. R.S. 9:2800.52. The LPLA does not authorize punitive damages. *See Shively*, 2018 WL 6816083, at *4 ("The LPLA is clear and unambiguous and does not provide for punitive damages."); *Pierre v. Medtronic, Inc.,* No. CV 17-12196, 2018 WL 1911829, at *5 (E.D. La. Apr. 23, 2018); *Ivory v. Pfizer Inc.,* 2009 WL 3230611, at *8 (W.D. La. Sept. 30, 2009); *Cheeks v. Bayer Corp.,* No. 03-132, 2003 WL 1748460, at *1 (E.D. La. Mar. 28, 2003).

Because no statute expressly authorizes punitive damages in this case, Plaintiffs' claim for punitive damages must be dismissed. *See, e.g., Truxillo v. Johnson & Johnson*, No. 07-2883, 2007 WL 1853363, at *4 (E.D. La. June 27, 2007); *Shively*, 2018 WL 681083, at *4-5.

### III. CONCLUSION

For these reasons, Defendants' motion for partial summary judgment, R. Doc. 148, is hereby **GRANTED**. Plaintiffs' claim for punitive damages is **DISMISSED WITH PREJUDICE**.

New Orleans, Louisiana, this 22nd day of April, 2019.

_____
UNITED STATES DISTRICT JUDGE